Thomas Deford, Benjamin F. Deford and Jesse
F. Ely *vs.* James W. Hewlett.

*Pleadings—Plea held not to be bad for Duplicity—Demurrer—*
*Proceedings in Bankruptcy—Exclusive Jurisdiction of the*
*Federal Courts in matters of Bankruptcy—Construction of*
*Bankrupt Act of 1874, ch. 390, sec. 17, and sec. 5105,*
*of the United States Revised Statutes—Composition with*
*Creditors.*

A petition in bankruptcy having been filed against H. he made a proposition
for composition with his creditors in pursuance of the 17th sec. of the Act
of Congress of 1874, ch. 390. By the terms proposed the proceedings in
bankruptcy were to be suspended and the creditors were to receive twenty-
five per cent. in full satisfaction of their claims, part thereof in cash and
part in notes of the debtor; the cash to be paid ten days after a resolution
accepting the offer should be confirmed by the Court and ordered to be
recorded, and the notes to be delivered within ten days after the recording
of said resolution. The assets of the debtor meanwhile were to be placed
in the hands of G. J. A. and the proceeds as received applied to the pay-
ment of said cash and notes. This proposition was adopted by a resolution
passed at a meeting of the creditors, and was confirmed by the Court and
recorded. The sum to be paid in cash, and the first credit instalment under
the composition being paid, but the second instalment being unpaid, certain
of the creditors who were present at the meeting at which the composition
was adopted, and voted, and proved their claim, brought suit on their
original notes. On demurrer to a plea based on the composition proceed-
ings, it was HELD:

1st. That the detail of facts and proceedings consisting of the averment of the
composition and its acceptance, and its performance by the payment in
money and delivery of the promissory notes of the defendant to the plain-
tiffs, the fact of the plaintiffs being present and voting, the recording of the
resolution, and the pendency of the proceedings in bankruptcy, was neces-
sary to a clear understanding of the defence and does not come within the
scope of the rule against double pleading.

Deford, *et al. vs.* Hewlett.

2nd. That the statement of a multiplicity of facts constituting the defence, and material to its conclusiveness, even if there were surplusage, affords no ground for demurrer on that account.

3rd. That while the bankrupt is going through the process provided for the discharge of his debts under the direction of the only jurisdiction that can discharge them, the State Court cannot intervene and enable the creditors to pursue their remedies as if no such proceeding had taken place

4th. That under the constitution of our Courts growing out of the form of our government, made up of State and Federal authority, the bankrupt laws clearly provide for the *exclusive* jurisdiction of the Federal Court over matters of bankruptcy.

5th. That when that Court has acquired jurisdiction it is not suspended by the proceedings for a composition.

6th. That under sec. 5105, of the U. S. Revised Statutes, and sec. 17, of the Act of 1874, ch. 390, the plaintiffs had no right to resort to the Courts of the State for the recovery of their claim, nor to invoke their authority for the redress of their alleged grievances.

7th. That under the Act of 1874, the creditors have the right to insist upon the payment of the composition proposed *in money;* and if they choose to accept the promissory notes of the debtor therefor, which may be done, such notes, to gratify the purposes of the Act, must have the same effect as so much money.

8th. That our bankrupt laws mean by a composition, not the partial but total satisfaction of the debts of the bankrupt when approved by the Court. The composition proposed and accepted, and performed by payment in *money* or *promissory notes* equivalent thereto, is binding upon the creditors, extinguishes and discharges the debts, and is an *effectual proceeding to accomplish such result.*

9th. That the creditors have no right under such circumstances to resort to the State Courts for the recovery of their original debts in case the notes are not paid.

10th. That the composition under our statute depends for its validity upon the resolution passed by the prescribed number of creditors, binding alike on all of them, if their debts are included in the statement filed by the debtor and finally confirmed by the Court.

11th. That until the bankrupt performs the terms of the composition by payment in money, or his promissory notes to be treated as money, the composition is incomplete and ineffectual; but that would not invest the State

Deford, *et al. vs.* Hewlett.

Court with jurisdiction. The remedy must be sought, in the Bankruptcy Court and the provisions of the statute point out the mode of redress; and that must be exclusive. But when the bankrupt complies and performs the same by the payment in money, or with money and notes, the composition is an accomplished fact and the results provided for in the Act necessarily follow.

12th. That the creditors having proved their claims in bankruptcy, and agreed to the composition, and the *pro rata* payment having been made to them by the bankrupt, part in money, and part in his promissory notes, to be treated as money, were bound thereby and had no right to pursue the recovery of their debts through the State Courts as if there had been no proceeding in bankruptcy.

APPEAL from the Court of Common Pleas.

The appellants were creditors of the appellee, as holders of two of his promissory notes. Under proceedings in bankruptcy the appellee effected a composition with his creditors, under which twenty-five per cent. of his debts was to be paid partly in cash and partly in three instalments, for which his promissory notes were given. The cash and the first note having been paid, and the second note not being paid, the appellants sued him on the original notes.

The defendant filed the following amended first plea to the amended declaration:

" That on the 14th day of December, 1875, a petition in bankruptcy was filed against him in the District Court of the United States for the District of Maryland, that on the 9th day of February, 1876, the said defendant made a proposition to his creditors to the following effect:

" That the said proceedings in bankruptcy be suspended, and that the said creditors should receive in full satisfaction and discharge of their claims of every kind, whatsoever against him, twenty-five per centum of the said claims as follows, viz., Three per centum in cash to be ratably distributed among them, payable ten days after a resolution accepting this offer, shall be confirmed by the Court

and ratified by the Court, and ordered to be recorded, and the balance to make up said twenty-five per centum to be paid in money in three equal instalments in six, twelve and eighteen months from the date of the recording of such resolution, with interest, to be secured by the promissory notes of the said Hewlett, to be delivered to the creditors, their attorneys or assigns, within ten days after the recording of the resolution as aforesaid; the assets of the bankrupt to be placed in the meantime in the custody of George J. Appold of the City of Baltimore and State of Maryland, the proceeds of the same when collected, to be applied to the payment of the said three per centum and of the said promissory notes, as and when they shall respectively fall due.

"And this defendant further says, that the said proposition was accepted by resolution of the creditors of the defendant, passed on the 1st day of February, 1876, at a meeting of the creditors duly called to consider the same, at which meeting the plaintiffs were present and voted, and that an order to record the said resolution was duly passed by the Court on the 19th day of February, 1876, and that the same was duly recorded. That the plaintiffs proved their claim against the said defendant in the proceedings in bankruptcy, which claim grew out of two of the promissory notes sued on in this case.

"And the defendant further says, that in accordance with the terms of the said resolution, he paid in cash three per centum of all the claims against him, including that of the plaintiffs, and he delivered to all of the creditors, including the plaintiffs, his promissory notes for twenty-two per cent. of their respective claims, and that he transferred to George J. Appold, as required by said resolution, all his assets of every description, as security for the payment of the said promissory notes.

"And the said defendant further says, that the aforesaid proceedings in bankruptcy are still pending."

The plaintiffs filed a demurrer to this plea which was overruled by the Court, (GAREY, J.)  Thereupon the said plaintiffs filed the following replication :

"And the said plaintiffs for a replication to the defendant's amended first plea to the amended declaration, say that the defendant did not pay the second of the three instalments of money which he proposed to pay in the said proposition of compromise set forth in said plea, at the time when the same became due, or any part thereof, although the same became due and payable long prior to the institution of this suit, and the plaintiffs herewith produce and tender to the defendant the two promissory notes given by the defendant to the plaintiffs, to secure the payment of the second and third of the three instalments mentioned in the said proposition of compromise, set forth in said plea, which said two notes are the two promissory notes filed in this cause, bearing date the 1st day of February, 1876.

"And the plaintiffs further say, that since the adoption and recording of said resolution, no other or further proceedings of any kind whatever have been had or taken in said proceedings in bankruptcy."

To this replication the defendant filed a demurrer which was sustained by the Court, and judgment was entered for the defendant.

The plaintiffs appealed.

The cause was argued before BARTOL, C. J., BOWIE, STEWART, MILLER, ALVEY and ROBINSON, J.

*Orlando F. Bump*, for the appellants.

The amended first plea set up three distinct facts : 1st, the recording of the resolution in bankruptcy; 2nd, the fact that the appellants were present and voted ; 3rd, the pendency of the proceedings in bankruptcy.  It thus embodies three distinct defences in one plea, and is bad for

duplicity. The demurrer to it should have been sustained on this ground alone. 1 *Chitty on Pleading,* 226; *McCauley vs. State,* 21 *Md.,* 556, 571.

The object of an action at law is to recover a personal judgment against the defendant; the object of a proceeding in bankruptcy is to sequester the debtor's effects. As the two proceedings have diverse objects, it is well settled that the mere pendency of a proceeding in bankruptcy cannot be pleaded either in abatement or in bar of an action at law. *Stone vs. National Bank,* 39 *Ind.,* 284; *Longacre vs. Myers,* 1 *Weekly Notes,* 100; *Ins. Co. vs. Kellertinus,* 1 *Weekly Notes,* 130; *Raguel vs. Gerson,* 2 *Weekly Notes,* 304.

It will be observed that the resolution provides that the proceedings shall be suspended.

The provision of section 5105, that "a creditor proving his claim shall not be allowed to maintain any suit at law or in equity therefor against the bankrupt, but shall be deemed to have waived all right of action against him," has always been construed in a modified sense. Thus in *Hoyt vs. Freel,* 4 *B. R.,* 131, it was held that the proof of the debt merely suspended the right of action until a discharge was granted or refused. It has also been held not to apply to debts which would not be released by a discharge such as fraudulent or fiduciary debts, (*In re W. E. Robinson,* 6 *Blatch.,* 253; *In re Rosenberg,* 3 *Ben.,* 14; *In re J. S. Wright,* 2 *B. R.,* 142; *In re Migel,* 2 *B. R.,* 481,) or debts due by a corporation. (*New Lamp Chimney Co. vs. Ansonia Brass and Copper Co.,* 1 *Otto,* 656, *S. C.* 53 *N. Y.,* 123.) It has accordingly been held that the mere proof of the debt cannot be pleaded in bar of a subsequent action. *Smith vs. Dispatch Co.,* 35 *N. J.,* 60; *Brandon Manuf. Co. vs. Frazer,* 47 *Vt.,* 88; *Harley vs. Greenwood,* 5 *B. & Ald.,* 95; *Lummus vs. Fairfield,* 5 *Mass.,* 249; *Pesoa vs. Passmore,* 4 *Yeates,* 139.

In this case the plea shows that the proceedings had terminated by a resolution of composition which has always

been deemed to be a discharge. *In re Alphonse Bechet,* 12 *B. R.,* 201 ; *In re Knight,* 2 *Weekly Notes,* 479 ; *Megrath vs. Gray, L. R.* 9, *C. P.,* 216 ; *M. & H. Organ Co. vs. Bancroft,* 1 *Abb.* (*N. C.,*) 41.

The debtor is therefore in a position to protect himself, and is no longer within the scope or reason of section 5105.

But it is said that the provision that "the provision of the composition may be enforced by the Court, on motion, in a summary manner," is exclusive, and precludes the creditor from resorting to an action on his original debt. This statute is taken *verbatim* from the English bankrupt law. *Lee on Law and Practice in Bankruptcy,* 466. The settled construction of the English Act is that such provision is not exclusive *Edwards vs. Coombe, L. R.* 7, *C. P.,* 519 : *In re Hatton, L. R.* 7, *Ch. Ap.,* 723; *Goldney vs. Lording, L. R.* 8, *Q. B.,* 182 ; *Ex parte Peacock, L. R.* 8, *Ch Ap.,* 682 ; *Newell vs. Van Praagh, L. R.* 9, *C. P ,* 96.

For this construction several reasons have been assigned. One is that to enforce the agreement after a default, would in effect be to make a new agreement. (*Edwards vs. Coombe, L. R.* 7, *C. P.,* 519.) Another is that a debtor who has made default in complying with the terms of a composition is estopped from setting it up against his creditor. (*Newell vs. Van Praagh, L. R.* 9, *C. P.,* 96.) Another is that the resolution must be pleaded as accord and satisfaction, and in that case payment *modo et forma* must be pleaded. (*In re Hatton, L. R.* 7, *Ch. App.,* 723.)

It will be observed that the English decisions had settled the meaning of the statute before it was adopted in this country, to wit, June 22nd, 1874. Such decisions may therefore be considered as having been adopted with the text which they expounded. *Tucker vs. Oxley,* 5 *Cranch,* 34, 42.

It has accordingly been held that the composition will not release the debtor unless its terms are complied with.

*In re Reiman & Friedlander*, 12 *Blatch.*, 562; *In re James T. Hurst*, 13 *B. R.*, 455

But it is said that section 563 of the Revised Statutes, which makes the jurisdiction in bankruptcy exclusive, affects this question. It will be observed in the first place that as a proceeding, bankruptcy depends entirely on the statute, the jurisdiction is necessarily exclusive. *Cook vs. Whipple*, 55 *N. Y.*, 150. Section 563 is merely declaratory.

In the next place the exclusive jurisdiction is limited to proceedings in bankruptcy. Section 4991 defines the commencement of proceedings in bankruptcy. The petition therein referred to is the petition mentioned in sec. 5014 and sec. 5021. As the present action is an action at law to collect a debt, it has no application to this case. *Goodrich vs. Wilson*, 119 *Mass.*, 429; *Jordan vs. Downey*, 40 *Md.*, 401; *Clafin vs. Houseman*, 93 *U. S.*, 130.

The broadest construction would only make the jurisdiction exclusive over the summary remedy to enforce the composition, but the creditor in this case has elected to resort to his original debt. In the next place these proceedings are under the 17th section of the Act of June 22nd, 1874, 18 Stat., 182, which repeals all provisions inconsistent therewith. In many instances the composition notes are secured by an indorser. To hold that the State Court has no jurisdiction, would in such a case deprive the creditor of a remedy, for a surety is not liable to the summary remedy in bankruptcy. *Ex Parte Mirabita*, *L. R.* 20, *Eq.*, 772.

A creditor may resort to his original debt, although he assented to the composition. *Edwards vs. Hancher*, *L. R.* 1, *C. P. Div.*, 111. The original debt is revived, although a note with surety is taken. *Edwards vs. Hancher*, *L. R.* 1, *C. P. Div.*, 111; *Erskine vs. Moreland*, 10 *Ir. R. C. L.*, 243.

If the debtor gives his promissory notes to secure three instalments, pays one and fails to pay the others, the

original debt is revived. *Erskine vs. Moreland*, 10 *Ir. R. C. L.*, 243.

*R. D. Morrison,* for the appellee.

At the time the action against the defendant was brought, the proceedings in bankruptcy begun against him were still pending. The effect of the resolution by the creditors, was not to extinguish, but to suspend said proceedings, and they are apt to revive at any time when it shall appear to the Court, that the composition cannot, in consequence of legal difficulties, or for any sufficient cause, proceed without injustice or undue delay to the parties interested. *Rev. Stat.*, sec. 5103, (22nd June, 1874, sec. 17;) *Bump's Law and Practice of Bankruptcy*, 676; *Lee on Bankruptcy*, 468.

By paying three per centum in cash on the claim proved by said plaintiffs, by passing to the plaintiffs his promissory notes for twenty-two per cent. of their said claim, and by assigning and delivering to George J. Appold, all his, the defendant's assets to secure the said last mentioned promissory notes, together with others, as stated in said proposition, he was, by operation of law, discharged from all liability to the plaintiffs, by reason of the promissory notes proved by the plaintiffs in the said proceedings in bankruptcy, in that his failure to meet the payment claimed of him was not due to circumstances within his control, but to other causes, the possibility of whose occurrence his creditors must have foreseen at the time the composition was accepted.

The contract stands. By it the original claim of the plaintiffs against the defendant is discharged; and if suit be brought, it must be for the recovery of the new rights, to which, by the composition, they are entitled. *Miller vs. Mackenzie, et al.*, 43 *Md.*, 404–12; *Bump on Bankruptcy*, 682; *In re Bechet*, 12 *Bankrupt Register*, 201; *In re Knight*, 2 *Weekly Notes*, 479; 1 *Smith's Leading Cases*, 443.

. The principle that by default of the second payment, on the part of the defendant, the plaintiffs are remitted to their original status, if enforced, can have no other effect than to frustrate the design of the bankruptcy proceedings—the just and impartial distribution of the defendant's property among his creditors. For if the plaintiffs can by their suit obtain more than the rate of composition, with the terms of which we have already shown defendant to have complied, to that extent are the respective interests of his other creditors affected. *Miller vs. Mackenzie, et al.,* 43 *Md.,* 410.

STEWART, J., delivered the opinion of the Court.

A petition having been filed against the appellee in bankruptcy, he made a proposition for composition with his creditors, in pursuance of the 17th sec. of the Act of Congress of 1874, ch. 390, to wit: that the proceedings, in bankruptcy be suspended, and that they should receive in full satisfaction and discharge of their claims of every kind against him, twenty-five *per centum* of the same,— three *per ct. in cash,* payable 10 days after a resolution, accepting this offer, shall be confirmed by the Court, and ordered to be recorded ; and the balance to be *paid in money,* in three equal instalments in six, twelve and eighteen months, from the date of the recording of such resolution, with interest, to be secured by his promissory notes to be delivered to the creditors, their attorneys or assigns, within ten days after the recording of the said resolution—his assets, in the meantime to be placed in the custody of George J. Appold—the dividends of the same when collected, to be applied to the payment of the said three *per cent.* and said promissory notes, as they respectively fall due.

This proposition was duly accepted by his creditors, at a meeting called for the purpose of considering the same, by resolution to that effect.

Deford, *et al. vs.* Hewlett.

The appellants holding his two promissory notes, each for the sum of $1736.87—being present and voting, and proving their claim in the bankruptcy proceedings.

This resolution, according to the appellee's proposition, was passed by the Court, and recorded.

In accordance with the terms of the composition, the appellee *paid in cash the three per centum* of the claims against him, including the appellants', and *delivered to his creditors, including the appellants,* his promissory notes for twenty-two *per cent.* of their claims ; and transferred to Appold, as required by the resolution, all of his assets of every description, as security for the payment of the promissory notes.

The three *per cent.* in cash and the first instalment under the composition, being paid, but the second unpaid, the appellants brought suit for recovery on the original notes.

Under this state of facts, disclosed by the pleadings, the substantial question presented for our review, is, whether the appellants can maintain this suit, for recovery on the original notes.

A preliminary question of practice has been argued by the counsel for the appellants, who insists that the plea of the appellee is defective, because it sets up, as he alleges, three distinct facts, constituting three distinct defences in one plea, to wit: 1st, the recording of the resolution in bankruptcy—2nd, the fact that the appellants were present and voted, and 3rd, the pendency of the proceedings in bankruptcy.

The detail of facts and proceedings consisting of the averment of the composition and its acceptance, and its performance by the payment in money and delivery of the promissory notes of the appellee to the appellants ; the fact of the appellants being present and voting, the recording of the resolution and the pendency of the proceedings in bankruptcy, was necessary to a clear understand-

ing of the defence, and does not come within the scope of the rule against double pleading.

The statement of a multiplicity of facts constituting the defence and material to its conclusiveness, even if there was surplusage, affords no ground for demurrer on that account. *Code, Art.* 75 *secs.* 2 *and* 3.

If the appellants can, notwithstanding the facts averred and admitted, collect their claim in this form, the object of the bankrupt law and its amendments, to wit: the discharge of the bankrupt from his debts under the terms provided, and the fair distribution of his assets amongst his creditors, is defeated—the proceedings in bankruptcy are nugatory, and the race for precedence amongst his creditors is open to a general scramble—not only the Federal, but the State Courts are at their command.

Bankrupt laws, it is well understood, discharge the contract, contradistinguished from insolvent laws, which only liberate the person. 4 *Wheaton,* 194.

Whilst the bankrupt is going through the process provided for the discharge of his debts, under the direction of the only jurisdiction that can discharge them, is it possible that the State Courts can intervene and enable the creditors to pursue their remedies as if no such proceeding had taken place?

The 17th sec. of the Act of 1874, ch. 390, provides, *that in all cases in bankruptcy, whether an adjudication in bankruptcy shall have been had or not,* the creditors of the bankrupt at a meeting called, *under the direction of the Court,* may resolve, *that a composition proposed by the debtor, shall be accepted in satisfaction* of the *debts due* them.

With some modifications hereafter referred to, this provision is taken from the 126th sec of the English Bankrupt Act of 1817, 32 and 33 Vict., ch. 71.

Under that statute, the creditors of the bankrupt, may, *without any proceedings in bankruptcy,* resolve, that a composition shall be accepted in satisfaction of their debts.

Without the intervention of the Court, the requisite number of the creditors can determine whether he shall be discharged, and the registrar is to make registry of the resolution, if satisfied that it passed in pursuance of the statute.

Under our law, the composition is *an incidental proceeding in bankruptcy*.

Proceedings in the Court of Bankruptcy commence upon the filing of the petition for an adjudication in bankruptcy, either by the debtor, in his own behalf, or by a creditor against him. *Section* 4991 *of the Revised Statutes*.

The jurisdiction of that Court is exclusive, except where otherwise provided by statute. *U. S. Revised Statutes,* secs. 563, 629, 630, 639, 711, 4972, *sub.* 2 and 4, 4979, 5105, 4991; *ch.* 390, *sec.* 2, *of the Act of* 1874.

There is a broad and well defined distinction between the arrangement of the Courts in England, in regard to jurisdiction, and between our Federal and State Courts.

Under the constitution of our Courts growing out of the form of our government made up of State and Federal authority, the bankrupt laws clearly provide for the *exclusive* jurisdiction of the Federal Court over matters of bankruptcy. That subject has been by the Constitution confided to the Federal authority. When that Court has acquired jurisdiction, it is not suspended by the proceeding for a composition.

The 17th section declares that the provisions of a composition accepted by resolution, shall be binding on all the creditors, and may be enforced by the Court in a summary manner, and disobedience punished as a contempt; and if *at any time*, it shall appear to the Court, that a composition cannot proceed without injustice or undue delay, the Court may refuse to accept or confirm it, or may set the same aside; and *in either case*, the debtor *shall be proceeded with as a bankrupt, in conformity with the provisions of the law, and proceedings may be had accordingly*.

Where that Court has jurisdiction of the case and all equities between the parties, with enlarged authority over the parties, and subject-matter for its final disposition, would it be quite consistent with the orderly administration of justice, especially as provided in regard to the exercise of jurisdiction of the Federal and State Courts, to say nothing of the comity to be observed between Courts exercising a common jurisdiction, for the State Courts to interfere and undertake to withdraw the proceedings, whilst *in fieri*, from the Court in bankruptcy, where it had its origin, and where it may be proceeded with, in all its bearings and modifications?

Under the 5105th section of the Revised Statutes, the creditors *are prohibited* from maintaining any suit at law or in equity, for the recovery of their claims, against the appellee.

In this condition of things, it is quite clear the appellants have no right to resort to the Courts of the State, for the recovery of their claim, nor to invoke their authority for the redress of their alleged grievances. See *Miller vs. Mackenzie, et al.,* 43 *Md.,* 404.

The 17th section of this amendatory Act further provides, that the composition shall, subject to the priorities specified in the Act, provide for a *pro rata* payment, or satisfaction in *money* to the creditors.

This provision is not in the English statute, and must have been inserted for a purpose, and there are no English decisions of course, to be referred to as throwing any light upon the subject. It was intended to have, and does exert, a controlling influence as to the effect and operation of a composition between the bankrupt debtor and his creditors.

The creditors have the right to insist upon payment of the composition proposed by the bankrupt *in money;* if they choose to accept the promissory notes of the debtor therefor, (which the learned Judge *In re Reiman vs. Fried-*

*lander,* 12 *Blatchford,* 562, ruled might be done,) such notes to gratify the purposes of the Act, must have the same effect as so much money.

Otherwise the creditors and bankrupt by a composition, postponing the payments, and the failure to meet them, might avoid the operation of the bankrupt law, and according to the theory of the counsel for the appellants, re-invest the State Courts with jurisdiction over the subject-matter and parties.

Our bankrupt laws, as we understand them, mean by a composition, not the partial, but the total satisfaction and discharge of the debts of the bankrupt, when approved by the Court. The composition proposed and accepted, and performed by payment *in money,* or promissory *notes* equivalent thereto, is binding upon the creditors ; extinguishes and discharges the debts, and is an effective proceeding to accomplish such results. *Miller vs. Mackenzie,* 43 *Md.,* 404.

The creditors have no right under such circumstances, to resort to the State Courts for the recovery of their original debts, in case the notes are not paid.

If the composition is to be held as made, *partly in money* and *partly in notes,* not considered as money, and the part in money is paid, but the notes are not paid, as in this case, what is to be the effect?

As far as paid, is that to operate as a discharge *quoad hoc?* or does the entirety of the old debt revive? and is the jurisdiction of the Courts to be divided up? such cannot be the result.

The composition must be treated as effective.

Some of the English authorities, (*Edwards vs. Coombe,* L. R., 7 C. P., 519; *In re Hatton L. R.,* 7 *Ch. Ap.,* 723, but *Ex parte Hemingway,* 21 L. T., N. S., 278, the other way) construing their statute, and the effect to be given to the extraordinary resolution of the creditors for a composition, upon the existing debts of the bankrupt,

Deford, *et al. vs.* Hewlett.

seem to treat it as having the same operation as a *voluntary* composition deed.

The composition under our statute depends for its validity upon the resolution, passed by the prescribed number of creditors, binding alike on all of them, if their debts are included in the statement filed by the debtor, and finally confirmed by the Court. See *Walker vs. Moore,* 122 *Mass.,* 501.

In the case of the *National Mount Wollaston Bank vs. Porter,* 122 *Mass.,* 308, referred to, a material fact distinguishes it from this—there was no compliance on the part of the bankrupt, with the terms of the composition.

*Guild vs. Butler,* same volume, 498, also referred to, does not undertake to decide the question involved here.

Until the bankrupt performs the terms of the composition, by payment in money, or his promissory notes to be treated as money, the composition is incomplete and ineffectual ; but that would not invest the State Court with jurisdiction ; the remedy must be sought in the Bankruptcy Court, and the provisions of the statute point out the mode of redress, and that must be exclusive ; but when the bankrupt complies and performs the same by the payment in money, or as in this case, with money and notes, the composition is an accomplished fact, and the results provided for in the Act necessarily follow.

The creditors having proved their claims in bankruptcy, and agreed to the composition, and the *pro rata* payment having been made to them by the bankrupt, part in money, and part in his promissory notes, to be treated as money, are bound thereby, and have no right to pursue the recovery of their debts through the State Court, as if there was and had been no proceeding in bankruptcy.

*Judgment affirmed.*

(Decided 5th June, 1878.)