### ALLEN & a. *v.* CHEEVER & a.

One partner may, without special authority, bind his firm by an agreement, under seal, of compromise or release to a joint debtor of a partnership claim.

When a tender of money is relied on, it must be brought into court.

ASSUMPSIT, for goods sold and delivered. Facts found by a referee. Prior to February 26, 1880, the defendants were in trade in Nashua, and were largely indebted to parties in Nashua, besides to several mercantile houses in Boston, among the latter being the plaintiffs. The indebtedness of the defendants was largely in excess of their assets. Their goods had been attached by their Nashua creditors. Under these circumstances, all the Boston creditors, including the plaintiffs, executed and delivered to the defendants an agreement, under seal, in the words following :—

" We the undersigned, creditors of Cheever Brothers of Nashua, N. H., hereby agree to accept 20 per cent. of the amount of our respective claims against them, provided the same is paid within sixty days from date and upon receipt of said 20 per cent. to give a release and discharge in full for the whole amount.    26 February, 1880."

On the part of the plaintiffs, this paper was signed by Shepard, one of the members of this firm, by subscribing the name of their firm, Allen, Goodwin & Co., but it was not done with the assent or knowledge of either of the other members of the firm.

April 24, 1880, the defendants sent their agent to Boston with funds to pay the 20 per cent. of all the claims against them in that city, who paid that amount to all the creditors there, and all executed releases of their claims in full, pursuant to the agreement above recited, with the exception of the plaintiffs, who declined to accept the 20 per cent. of their claim in full.    The agent made to the plaintiffs a tender of that amount, but they declined to receive it, saying that they had concluded not to settle at 20 per cent. of their claim.

If the plaintiffs, on the above facts, can recover their whole claim, the referee finds that they are entitled to recover $436.93, and interest from May 3, 1881.    If the plaintiffs can recover only 20 per cent., the referee finds in their favor $81.46; otherwise, for the defendants.    The above agreement was not signed by Shepard until after this suit was commenced.

Both parties moved for judgment on the report, the plaintiff for the full amount of the claim, and the defendants for costs.    The court denied both motions, and ordered judgment on the report for 20 per cent. of the amount of their claim; and the defendants excepted.

*E. S. & H. A. Cutter*, for the plaintiffs.

*A. W. Sawyer* and *R. D. Barnes*, for the defendants.

BLODGETT, J.    Although it is a general rule that a partner cannot affix the seals of his copartners without their express authority, yet there is a well recognized exception to its operation in the case of a release to a joint debtor of a partnership claim, which may be executed by one partner without special authority, and will be binding upon his firm.    *Morse* v. *Bellows*, 7 N. H. 549, 567; Par. Part. (3d ed.) 198, and authorities cited.    Shepard, therefore, had authority to bind the plaintiffs by the mutual agreement of compromise entered into by the Boston creditors with the defendants, the effect of which was to annul the original contract between these parties arising from the purchase and delivery of the goods, and to substitute another in its stead, by which the plaintiffs became bound, upon the receipt of 20 per centum of their claim, to give a

release in full. And the defendants having, by the tender, complied with the terms of the new contract, and the other creditors having accepted the composition and released their claims, the plaintiffs cannot now be permitted to recover their whole debt, not only because it would be a fraud upon such other creditors, but also because their original debt was extinguished by the compromise embodied in the agreement and its subsequent performance by the defendants. *Browne* v. *Stackpole*, 9 N. H. 478, 481, 482; *Perkins* v. *Lockwood*, 100 Mass. 250; Chit. Cont. (6th Am. ed.) 775; *Miller* v. *Mackenzie*, 43 Md. 404.

Where a tender of money is relied on, the money must be brought into court. *Frost* v. *Flanders*, 37 N. H. 549, 552. When this is done, the defendants will be entitled to judgment.

*Case discharged.*

STANLEY, J., did not sit: the others concurred.