TOWLE *v.* JANVRIN *& a.*

A creditor's bill to set aside a fraudulent conveyance of his debtor's real estate is not open to demurrer by the fraudulent grantee on the ground that there is a plain and adequate remedy at law; but it is otherwise, and equity has no jurisdiction, when such bill is against one claiming title and upon whom no fraud is charged.

IN EQUITY.   The bill alleges that the plaintiff, September 13, 1877, sued out a writ against the defendant George Janvrin, and on the next day attached as his property a certain tract of land with the buildings thereon, in Exeter, known as the Academy lot; that he recovered judgment at the October term, 1878, for $380.64 damages and $37.25 costs, upon which an execution was duly issued and levied upon a portion of said Academy lot with the stable thereon as the property of said George, and in full satisfaction of said execution and costs of levy; that said George, April 23, 1874, and long before, was seized and possessed in fee simple of said Academy lot, and on that day and by his deed conveyed the whole of the lot to his brother, Jefferson Janvrin, without any consideration, who held said deed until January 1, 1878, when he quitclaimed the same premises to said George; that during all this time Jefferson did not take possession of the premises, but the same remained in the possession of George or his children; that George held the quitclaim deed without recording the same until June 24, 1878, when he caused the same to be recorded, and on the same day, by his deed of warranty, conveyed said Academy lot to the defendant George J. Curtis, his grandson, for the pretended consideration of $2,000, but in fact without consideration; that said conveyances of said George were without consideration, and made for the purpose of defrauding his then creditors and those who should thereafter become such, and, in particular, for the purpose of avoiding payment of the plaintiff's debt; that said judgment still remains in full force, and that said Curtis claims to own said Academy lot by virtue of the conveyance of June 24, 1878, which is illegal and void as to the plaintiff, and constitutes a cloud upon the title to that part set off to the plaintiff; that the defendant Sarah Janvrin

claims to have some right or interest in the premises set off to the plaintiff, and occupies the same; and that the other defendants, Sarah Willey, George Janvrin, Jr., Charles W. Janvrin, Jennie A. Janvrin, and Alice P. Janvrin, claim some right, title, or interest in said premises.

The prayer is that the conveyances to Jefferson Janvrin and to George J. Curtis of the land and stable set off to the plaintiff may be decreed null and void, and the supposed titles and claims of the other defendants thereto may be decreed null and void as to him, and all their said claims cancelled, and that the plaintiff's title under his levy may be confirmed to him.

Sarah Willey and Sarah A. Janvrin, and Sarah Willey as guardian of George Janvrin, Jr., Charles W. Janvrin, Jennie A. Janvrin, and Alice P. Janvrin, filed answers, and also demurred, because the plaintiff has a plain and adequate remedy at law.

*Marston & Eastman*, for the demurrer.

*J. W. Towle*, contra.

BLODGETT, J. The only question for consideration is raised by the special demurrer, which sets up that the plaintiff has a plain and adequate remedy at law.

If the demurring defendants hold or claim to hold the premises set off to the plaintiff under fraudulent titles, the demurrer must be overruled; for the established doctrine in this state is, that a creditor has the right to file a bill in equity to set aside a fraudulent conveyance of the debtor's real estate as soon as he has obtained a judgment which is a lien on the property. *Dodge* v. *Griswold*, 8 N. H. 425, 426; *Tappan* v. *Evans*, 11 N. H. 311; *Stone* v. *Anderson*, 26 N. H. 506; *Bay State Iron Co.* v. *Goodall*, 39 N. H. 223, 228; *Sheafe* v. *Sheafe*, 40 N. H. 516, 518. And in such case it is not good cause of demurrer that there is a plain and adequate remedy at law, because no relief is complete and adequate for all purposes except that which removes the fraudulent title (Bump Fr. Conv. 519, and cases cited); hence "bills in equity are . . sustained in such cases everywhere." *Richardson*, C. J., in *Dodge* v. *Griswold*, *supra*, 426.

But an inspection of the bill shows that the titles of these defendants are not alleged to be fraudulent. In fact, the only allegations are, that one of them is in occupation of the premises set off to the plaintiff, and claims to have some right or interest therein, and that the others also claim some right, title, or interest. They are not charged with fraud or knowledge of fraud, and for aught that appears they may be innocent purchasers and upon valuable consideration. It is not even alleged that their claims constitute a cloud on the plaintiff's title; neither is a discovery of facts resting in their knowledge prayed for, nor of deeds, writings, or other

things in their custody, possession, or power. It is true that the bill contains a prayer that their claims may be decreed null and void as to the plaintiff, but the trouble is that no case is stated which entitles him to such a decree.

The bill as it stands clearly makes no case for equitable interference against the defendants who have demurred, and must be dismissed as to them unless the necessary amendments are obtained at the trial term.

*Demurrer sustained.*

SMITH, J., did not sit : the others concurred.