Merrimack, }
June, 1895. }

### FELKER & a. v. HAZELTON, Trustee, & a.

A bill in equity by an attaching creditor, praying for the discharge of a mortgage on the premises attached and containing no allegation of fraud or collusion, states no case against a purchaser of the mortgagor's interest subsequent to the attachment.

An attachment of a mortgagor's interest in real estate and a refusal of the mortgagee to release upon tender of the sum due him, do not furnish sufficient grounds for the maintenance, by the attaching creditor, of a bill in equity for the discharge of the mortgage.

When a tender of money is relied on, it must be brought into court.

BILL IN EQUITY, praying for the discharge of a mortgage. The bill alleges that on June 23, 1882, one Richardson executed a mortgage of real estate to the defendant Hazelton, trustee, to secure the payment of a note for $1,200; that the plaintiffs caused said real estate to be attached on a writ against Richardson, returnable in February, 1892, and now pending; that on June 14, 1893, the defendant Baker purchased all the right, title, and interest of Richardson in said real estate; that on July 3, 1893, the plaintiffs tendered to Hazelton the full amount due on the mortgage and requested him to execute a release of his interest under it, but he refused and still refuses so to do. The defendants demur for want of equity.

*Leach & Stevens* and *Felker & Pearl*, for the plaintiffs.

*Sargent & Hollis*, for the defendants.

BLODGETT, J. The bill states no case against Baker. No collusion between him and the mortgagee or the mortgagor is charged, nor is his purchase of the mortgagor's interest in the real estate attached by the plaintiffs alleged to be fraudulent or a cloud upon the title. The simple fact that Baker bought the mortgagor's equity subsequent to the attachment, without any other ground for equitable aid, is wholly insufficient to maintain the plaintiffs' bill. See *Towle* v. *Janvrin*, 61 N. H. 605.

No better is the case made against Hazelton. No grievance or injury impairing or imperiling the plaintiffs' security is set forth; no fraud is charged; and absolutely nothing is alleged which shows or tends to show any present existing ground for equitable interference with the mortgage which the plaintiffs pray to have discharged. The bill rests exclusively upon the

attachment and subsequent tender. But if the tender was a valid one, Hazelton's rights as mortgagee ceased at once, as against the attachment and the rights acquired under it, by virtue of P. S., c. 220, s. 8; and if the tender was not valid, no ground for equitable aid is claimed or suggested. At most, there can therefore be no occasion to invoke the aid of a court of equity in respect of the mortgage until the plaintiffs' attachment ripens into a judgment, and is followed by a levy upon the mortgaged premises, both of which are contingencies that may never happen. If the court has jurisdiction of questions that may never arise, it is not advisable to decide them in advance.

Then, again, the record shows that the tender has not been brought into court, which is an indispensable requisite when a tender is relied upon. *Bailey* v. *Metcalf*, 6 N. H. 156; *Frost* v. *Flanders*, 37 N. H. 549, 552; *Allen* v. *Cheever*, 61 N. H. 32.

Other objections need not be considered.

*Demurrers sustained.*

CLARK J., did not sit: the others concurred.