## Case No. 1,144.

### In re BAYLY et al.

[19 N. B. R. 73; 26 Pittsb. Leg. J. 172.]

(Circuit Court, D. Louisiana. Feb. Term, 1879.)

BANKRUPTCY—COMPOSITION—DEFAULT—RIGHTS OF CREDITORS.

[1. Where, in bankruptcy proceedings, a composition is arranged and confirmed, the case is not thereby taken out of the jurisdiction of the court; and hence, where the debtor fails to carry out the terms of the composition, a creditor cannot thereupon claim the right to proceed against him for the collection of the whole debt, for the bankruptcy proceedings are still pending, and his remedy is to be sought therein.]

[Cited in Re Tifft, Case No. 14,034; Re Michel, 6 Fed. 709.]

[2. A creditor obtained a judgment against his debtor pending voluntary bankruptcy proceedings, in which a composition was effected and confirmed by the court, and thereupon an injunction issued against the enforcement of the judgment. The debtor failed to pay either of the installments provided by the composition, and the creditor moved to dissolve the injunction against his judgment. Held, that the debtor's default did not entitle the creditor to enforce his judgment, and it was proper to make an order that the injunction should only be dissolved in case the debtor should fail to carry out the composition, or go on with the bankruptcy proceedings, within 30 days.]

[Distinguished in McGehee v. Hentz, Case No. 8,794.]

[Petition for review of a decision by the district court of the United States for the district of Louisiana.]

In bankruptcy. On petition of review of Paul Fourchey. The case was this: On March 2, 1876, Bayly & Pond, a commercial firm in the city of New Orleans, filed in the district court their voluntary petition in bankruptcy, in which they proposed and prayed for a composition with their creditors. Notwithstanding the filing of said petition, the petitioner in review, Paul Fourchey, on March 13, 1876, instituted a suit, in the fourth district court of the parish of Orleans, against said firm of Bayly & Pond, to recover the sum of one thousand two hundred and thirty-seven dollars due to him on the promissory note of said firm. Bayly & Pond, on March 27, 1876, pleaded to said action the certificate of protection of said United States district court, and on April 10, 1876, they filed an amended answer, in which they set out that the creditors had held, in the bankruptcy proceedings, a meeting and accepted a composition proposed by them, to wit: The payment of twenty-five cents on the dollar, one-half on the confirmation by the court of the composition proceedings, and the other half in sixty days thereafter. Notwithstanding their defences, the state court rendered judgment in favor of Fourchey, against Bayly &

Pond, for one thousand two hundred and thirty-seven dollars, and interest, and the judgment was signed April 15, 1876. The debt due to Fourchey, on which the judgment was based, was never proved against Bayly & Pond in the bankruptcy proceedings.

On April 12, 1876, the U. S. district court, on the application of Bayly & Pond, issued an injunction restraining Fourchey from enforcing the collection of his judgment by execution. Bayly & Pond failed to pay Fourchey the first instalment of the composition, and also failed to pay Fourchey and other creditors the second instalment when the same fell due. On January 4, 1877, Bayly & Pond being still in default in the payment of their composition, Fourchey filed a motion for the dissolution of the injunction above mentioned. On this motion the district court made an order in these words: "Ordered, that unless the bankrupts forthwith carry out the composition, or within thirty days proceed with their bankrupt proceedings the injunction herein granted be dissolved." The petitioner thereupon filed this petition of review, in which he asked a reversal of said order and a dissolution of said injunction, because, as he claimed, 1. He is entitled to enforce his judgment for the full amount recovered, the said Bayly & Pond having never been adjudicated bankrupts, and having failed to carry into effect the said composition; and, because, 2. The right of the creditor to enforce his claim is an absolute right when the debtor does not seek to set aside the composition or offer an excuse for failure to execute the composition, and when the creditors do not seek to set aside the composition or to enforce it.

T. J. Semmes, for petitioner.
J. H. Kennard, contra.

WOODS, Circuit Judge. It is clear that Fourchey was in the first instance properly enjoined from proceeding to enforce the collection of his judgment out of the property of the bankrupts. Bayly & Pond filed their petition in bankruptcy March 2, 1876, in which they prayed for the benefit of the act to establish a uniform system of bankruptcy throughout the United States, approved March 2, 1867. [14 Stat. 517.] The suit of Fourchey was not begun until March 13, and judgment was not rendered in his favor until April 10. The property of the bankrupts was by force of the bankrupt act protected from any interference by their judgment or execution issued thereon. See sections 5, 106, Rev. St.

The only question, therefore, for solution is: What is the effect of the composition proceedings, and the failure of the bankrupts to pay the composition, on the rights of the petitioner? Clearly as long as the bankrupts were paying the instalments according to the terms of their composition, the judgment creditor could not enforce the collection of his debt against the property of the bankrupt, for the act of congress providing for composition declares that the provisions of a composition accepted by a resolution adopted at a meeting of the creditors "shall be binding on all the creditors whose names and addresses, and the amount of the debts due to whom are shown in the statement of the debtor produced at the meeting at which the resolution shall have been passed." [Act of June 22, 1874.] 18 Stat. 183. And Fourchey's name, address, and the amount of the debts due him from the bankrupts, were shown in the list above mentioned.

Has the failure of Bayly & Pond to perform the composition according to its terms clothed Fourchey with the right to disregard the bankruptcy proceedings and sue for his whole debt? It seems to me that such a result does not follow the failure of the bankrupts to pay their composition. The bankruptcy proceedings are not determined and closed by the order of the court approving the resolution of the creditors accepting the composition. The case is still pending. Further steps in the case may be necessary. The law says: "The provisions of any composition made in pursuance of this section may be enforced by the court on motion made in a summary manner by any person interested and on reasonable notice, and any disobedience of the order of the court made on such motion shall be deemed a contempt of court." "If it should at any time appear to the court on notice, satisfactory evidence and hearing, that a composition under this section cannot, in consequence of legal difficulties, or for any sufficient cause, proceed without injustice or undue delay to the creditors or to the debtor, the court may refuse to accept or confirm such composition, or may set the same aside, and in either case the debtor shall be proceeded with as a bankrupt, in conformity with the provisions of law, and proceedings may be had accordingly, and the time during which such composition shall have been in force shall not in such case be computed in calculating periods of time prescribed by said act. 18 Stat. 184. It is clear from these provisions of the statute that when a composition is set aside by the court the proceedings in bankruptcy may be prosecuted without beginning de novo. No new petition is required. The case is taken up just where it was when interrupted by the composition. The bankruptcy suit is therefore pending all the time, and by its force protects the property of the debtor from seizure by any creditor who is bound by the composition resolution. If a composition fails and the court orders the case in bankruptcy to proceed, the court has it in its power to see that those creditors who have not received their pro rata shares, if any, shall be made equal to those who have, in the distribution of the assets of the bankrupt estate. To hold that a failure to pay accord-

ing to the composition resolution authorizes the creditors who are not paid to seize the property of the bankrupt, would be to render vain and futile the bankruptcy.

The petitioner in review has attempted to sustain his views by the citation of cases under the English composition act. Edwards v. Coombe, L. R. 7 C. P. 519; Newell v. Van Praagh, L. R. 9 C. P. 96; In re Hatton, 7 Ch. App. 723. It is to be observed that these cases arose under section 126, 32 & 33 Vict., (see Blum. Bankr. p. 405,) which provides that "the creditors of a debtor unable to pay his debts may, without any proceedings in bankruptcy, by an extraordinary resolution, resolve that a composition shall be accepted in satisfaction of the debts due to them from the debtor. If it appears to the court in satisfactory evidence that a composition under this section cannot, in consequence of legal difficulties, or for any sufficient cause, proceed without injustice, or undue delay to the creditors or to the debtor, the court may adjudge the debtor a bankrupt, and proceedings may be had accordingly." The difference between the English act and ours is evident at a glance. Under the English act the composition may take place without any proceedings in bankruptcy, and if the composition fails, the court may, but is not required to, adjudge the debtor a bankrupt. Under the act of congress there can be no composition unless a petition under the bankrupt act is first filed; and if the proceedings in bankruptcy are arrested by a composition, and the composition fails, the law declares that the bankruptcy shall proceed. I therefore think that the authorities cited are not pertinent to the American statute. These remarks also apply to the cases relied on by petitioner, cited from Massachusetts Reports. National Mount Wollaston Bank v. Porter, 122 Mass. 308; Pierce v. Gilkey, 124 Mass. 300. On the other hand, in a well-considered case, the court of appeals of Maryland has decided, basing its decision on the peculiar form of our statute, that where a resolution of composition provides that the instalments shall be secured by the notes of the debtor, a creditor who has proved his debt cannot sue for his original debt in a state court, although the debtor has made default in payment of one of the instalments. Deford v. Hewlett, 49 Md. 51. The remedy for failure to comply with the terms of the composition, it seems to me, is clearly pointed out by our statute. It does not permit the creditor to sue for and recover his original debt, but provides for an application to the court for the enforcement of the composition, or, in case the composition cannot be enforced, that the proceedings in bankruptcy shall be resumed.

It results from these views that Fourchey was properly enjoined by the district court, and that the court was right in refusing to dissolve the injunction. Petition of review dismissed at petitioner's costs.