## Bidwell *versus* Bidwell.

1. The jurisdiction vested in the courts of the United States, of all matters and proceedings in bankruptcy, is exclusive.

2. A composition with creditors is authorized to be made only in cases pending in court, and is of no validity until confirmed by the court, and then is binding on all creditors who were named and made parties.

3. If the composition be not confirmed, or if the same be set aside, in either case the debtor shall be proceeded with as a bankrupt.

4. Pending the petition in bankruptcy and before the court shall have confirmed the composition the courts of the state cannot interfere; nor can they afterward. While the composition stands, the creditor who is bound by it, cannot maintain an action for the original debt; he is barred everywhere, except in an application to the court where the confirmation was made to amend it for cause.

November 6th 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON and TRUNKEY, JJ. STERRETT and GREEN, JJ., absent.

[Bidwell *v.* Bidwell.]

Error to the Court of Common Pleas, No. 2, of *Allegheny county:* Of October and November Term 1879, No. 28.

On the 15th day of August 1877, John C. Bidwell, the defendant, filed a petition in the District Court of the United States for the Western District of Pennsylvania, for the adjudication of himself in bankruptcy, and subsequently made a composition with his creditors at thirty cents on the dollar of their respective claims, payable in three instalments of ten per cent. each, in six, twelve and eighteen months after confirmation by the court, which composition was duly confirmed and went into effect January 28th 1878; the said instalments maturing on the 26th day of July 1878, and the 26th day of January and July 1879, respectively. D. W. C. Bidwell, the plaintiff in error and below, was one of the creditors of said J. C. Bidwell whose debt was included in said composition, and assented to said composition. The said J. C. Bidwell defaulted on the first instalment, due July 26th 1878; and on the 17th day of August 1878, the said D. W. C. Bidwell entered judgment in the court below for $38,850 real debt, upon a bond and warrant of attorney held by him, dated December 1875, being for the full amount of his original claim against J. C. Bidwell, so far as the same was covered by said bond.

Execution was issued thereon at October Term 1878, and levy made upon the personal property of said defendant, whereupon the said defendant notified the sheriff that the property levied upon was not his property, but it belonged to him in trust for his creditors. On the 24th day of September 1878, the said defendant tendered plaintiff the amount of the first instalment of composition, due him, with interest, which plaintiff refused to accept. On the 12th of October 1878, the court granted a rule on the plaintiff and the claimant, the defendant herein, to show cause why they should not maintain or relinquish their respective claims to said property. And on November 27th 1878, a rule on the plaintiff to show cause why the levy should not be set aside, the execution stayed and the judgment opened upon which the same had been issued. And on December 4th 1878, after argument, set aside the execution and directed the sheriff to withdraw from his levy. The motion to open the judgment was held for further consideration. Whereupon the plaintiff below took out this writ and alleged that the court erred in setting aside the execution and directing the sheriff to withdraw from his levy.

*Bruce & Negley,* and *W. K. Jennings,* for plaintiff in error.— When creditors agree to accept the composition of a debtor, the latter becomes entitled to all the rights of ownership over the whole of his property: Ex parte Burrell, Law Rep., 1 Ch. Div. 537; Ex parte Hamlin, 16 N. B. R. 320; In re Reiman, 11 Id. 320; In re Van Auken, 14 Id. 426; In re Lytle, 14 Id. 460.

[*Bidwell v. Bidwell.*]

The correct practice, as it seems to us, and the one most in accordance with the spirit of the Bankrupt Law, is the one in vogue in England under their statute, and not without authority in our country, which is to allow a creditor, upon default in payment of one or more instalments of a composition, the option of seeking redress through the regular channel of bankruptcy, or of considering the composition void as to him and suing upon his original demand: Edwards *v.* Coombe, 7 Law Rep., C. P. D. 519; Goldney *v.* Lording, Law Rep., 8 Q. B. 182; In re Hatton, Law Rep., 7 Chancery Appeals 723. The creditor in the event of the non-payment of the composition, according to its terms, is remitted to the rights which he possessed at the time the proceedings were instituted: Blumenstiel's Law and Practice in Bankruptcy 451; Wollaston Bank *v.* Porter, 17 N. B. R. 329; Pierce *v.* Gilkey, 8 Rep. 242; Reiman *v.* Friedlander, 13 N. B. R. 128; Wells *v.* Lamprey, 16 Id. 206.

*Kennedy & Doty* for defendant in error.—The composition is a compromise of a debtor with his creditors, carried on under the regulation of law, and under the supervision and sanction of the court. It absolutely discharges the debts of those creditors whose names, addresses and debts are placed in the statement produced at the meeting of creditors, and no other discharge is needed: In re Bechet, 12 N. B. R. 202; Pool *v.* McDonald, 15 Id. 560.

The English authorities cited by plaintiff, are to the effect claimed by him, viz.: that a failure to pay the composition in accordance with its terms, revives the original debt; but these are under the English statute, which differs materially from ours. The distinctions are clearly pointed out in the cases cited hereafter. Under the English statute no proceedings in bankruptcy are necessary. The creditors can meet together, and by an extraordinary resolution, without the intervention of the court, make composition with the debtor, and, if accepted by the requisite number of creditors, the registrar is to register the resolution, and it thus becomes binding on all. This, however, is but an agreement between the debtor and creditors, and unless performed by the debtor, ceases to bind the creditors and revives the original debt.

There is also a broad distinction between the arrangement of the courts in England with reference to jurisdiction, and between our federal and state courts. The federal courts have exclusive jurisdiction over all matters of bankruptcy. The true doctrine upon the question of jurisdiction is well laid down in Deford *v.* Hewlett, 18 N. B. R. 518, and In re Bayly and Pond, 19 Id. 73.

Mr. Justice TRUNKEY delivered the opinion of the court, January 5th 1880.

Section 17, of the Act of Congress of June 22d 1874, is an

[Bidwell *v.* Bidwell.]

addendum to the 43d section of the Act of 1867, and provides a second mode for the discharge of bankrupts. It enacts that in all cases of bankruptcy, the creditors of the alleged bankrupt may, at a meeting called under the direction of the court, resolve that a composition proposed by the debtor shall be accepted in satisfaction of the debts due them; that such resolution, to be operative, shall be passed by a majority in number and three-fourths in value of the creditors assembled, and confirmed by the signatures of the debtor and two-thirds in number and one-half in value of all his creditors; that the debtor shall produce to the meeting a statement of his assets and debts, and the names and addresses of the creditors to whom such debts are due; that such resolution, together with said statement, shall be presented to the court, and the court, after a prescribed notice, upon hearing, if satisfied of certain facts, shall cause the resolution to be recorded and statement to be filed, and until such record and filing the resolution shall have no validity; and thereafter the provisions of the composition "shall be binding on all the creditors whose names and addresses and the amounts of the debts due to whom are shown in the statement of the debtor produced at the meeting at which the resolution shall have been passed, and shall not affect or prejudice the rights of any other creditors." "The provisions of any composition, made in pursuance of this section, may be enforced by the court, on motion made in a summary manner by any person interested, and on reasonable notice." "If at any time it shall appear to the court, on notice, satisfactory evidence and hearing, that a composition under this section cannot, in consequence of legal difficulties, or for any sufficient cause, proceed without injustice or undue delay to the creditors or to the debtor, the court may refuse to accept and confirm such composition, or may set the same aside; and, in either case, the debtor shall be proceeded with as a bankrupt, in conformity with the provisions of law, and proceedings may be had accordingly." The statute is thus referred to at length because it plainly shows what a composition is, its effect, how it may be set aside, and what shall follow its annulling. It is authorized to be made only in cases pending in court, is of no validity until confirmed by the court, and then is binding on all creditors who were named and made parties. No procedure under the bankrupt law is more under the control and supervision of the bankrupt court than this. The jurisdiction vested in the courts of the United States, of all matters and proceedings in bankruptcy, is exclusive. If the composition be not confirmed, or if the same be set aside, in either case the debtor shall be proceeded with as a bankrupt. Pending the petition in bankruptcy, and before the court shall have confirmed the composition, the courts of the state cannot interfere; nor can they afterward. While the composition stands the creditor, who is bound by it, cannot maintain an action for the original debt; he is

[Bidwell *v.* Bidwell.]

barred everywhere, except in an application to the court where the confirmation was made to annul it for cause.

It has been decided by the Court of Appeals of Maryland, that "the creditors have no right to resort to the courts of the state for the recovery of their claims, nor to invoke their authority for the redress of their alleged grievances:" Deford *v.* Hewlett, 18 N. B. R. 518. In that case, the distinction between the English statute and the Act of Congress is pointed out, and the able opinion concludes with the remark: "Until the bankrupt performs the terms of the composition by payment in money, or his promissory notes to be treated as money, the composition is incomplete and ineffectual; but that would not invest the state court with jurisdiction, the remedy must be sought in the bankruptcy court, and the provisions of the statute point out the mode of redress, and that must be exclusive; but when performed the result provided for in the act necessarily follows." Like principle was declared in Leggett *v.* Barton, 11 Vroom (N. J.) 83, where it was said: "The payment is within the court's control; enforceable by its order and by attachment for disobedience. And the proceeding is, when concluded, made binding upon all creditors of the bankrupt, whether participants or not. It operates to discharge the debtor from his debts."

In argument, Hamlin's Case, 16 N. B. R. 324, was cited, wherein it was said by the learned judge of the District Court of the United States, that creditors whose dividends have not been paid, may bring actions at law. It may be inferred from the context that he meant by this dictum an action for recovery of the sum the debtor agreed to pay in the composition, and not the original debt. If such be not his meaning, we think it in conflict with the Bankrupt Act. Reference was also made to the case of Pierce *v.* Gilkey, 6 The Reporter 242, which is based solely on English decisions. Of the effect of the latter, when applied to a composition under the the Act of Congress, enough has been said in Deford *v.* Hewlett, *supra,* and in Bayley *v.* Pond, 19 N. B. R. 73.

The wisdom of creditors agreeing to a composition without payment of, or security for, the sums agreed to be paid by the debtor, concerns not in the decision of this case. That was for their consideration and the court's, where the petition in bankruptcy was pending. That court, by the terms of the statute, had jurisdiction to enforce the composition, or to set it aside; and, if the composition, by its order, becomes invalid, then "the debtor shall be proceeded with as a bankrupt."

The court below was clearly right in setting aside the execution.

Judgment affirmed.