## *In re* MICHEL and another, Bankrupts.

*(District Court, S. D. New York. ——, 1880.)*

1. WAIVER OF ORDER OF COURT BY THE PARTIES — EFFECT OF FINAL ORDER IN COMPOSITION.

The sheriff had possession of certain property of A. and B. attached in the suit of C. A creditors' petition was filed against A. and B., and the usual injunction issued against interfering with the bankrupts' property, which was afterwards modified "so as not to restrain the sheriff from selling the property in his possession: *provided*, that he shall deposit the proceeds of such sale in the United States Trust Company, subject to the further order of this court." A., B. and C., and the petitioning creditors, upon whose consent the foregoing order was entered, gave the officer a written waiver of the deposit in the trust company. The sheriff sold the property, and, upon being served with a final order in composition, paid C. the amount of his judgment from the proceeds. C., under order of the court, paid the sum so received into the registry of the court, with leave to apply for repayment of the same. *Held*, upon such application:

(1) That the order requiring the deposit of the proceeds of sale could be modified only by the court itself, not by the parties in interest, and therefore the retention of the money by the sheriff was in direct violation of the order of the court, and he could give no party to the cause any right to it whatever.

(2) That the final order in composition did not of itself dissolve the injunction, nor give the sheriff any right to apply the money in satisfaction of C.'s judgment.

(3) That the bankrupts having entirely failed to pay the composition, and there being strong reason to anticipate that it would be set aside and an assignee appointed, the application of C. at this stage of the proceedings must be denied.

*A. Blumenstiel,* for petitioner.

*Armstrong & Briggs* and *Mr. Palmer,* for other creditors.

CHOATE, D. J. In this case a creditors' petition was filed October 30, 1877. On the twenty-fourth of October, 1877, the sheriff of New York county had attached, in the suit of one Hellman, certain goods belonging to the bankrupts, and so held them at the time of the filing of the petition. Proceedings for a composition were taken by the bankrupts without an adjudication, and resulted in the acceptance and confirmation of the composition on the fifteenth of March, 1878.

On the thirtieth of October, 1877, the usual injunction against interfering with the bankrupts' property, except to preserve the same, was issued by this court, and was served on the sheriff on the thirty-first of October, 1877, but before the service of the injunction an execution was issued in the suit of Hellman and put in the hands of the sheriff. On the twelfth of January, 1878, an order was entered modifying the injunction "so as not to restrain the sheriff from selling the property in his possession, provided that he shall deposit the proceeds of such sale in the United States Trust Company, subject to the further order of this court." This order was entered upon the consent of the petitioning creditors, the alleged bankrupts, and of the creditors claiming liens by execution and attachment on the said property. The sheriff proceeded to sell the property as allowed by the order, having first received a paper, signed by all the parties who had consented to the entry of the above order, in the following form: "We hereby severally request the sheriff to sell the property levied upon by him, and referred to in the foregoing order, and hereby waive the deposit of the proceeds of such sale in the United States Trust Company, as therein provided." The amount realized by the sheriff was $1,526.30. On the fifteenth of March, 1878, or very soon thereafter, the sheriff was served with a copy of the final order in composition, and thereupon, under advice of counsel that the final order in composition was, in legal effect, the setting aside of the injunction, and left him at liberty to apply the money in his hands to the satisfaction of the executions held by him against the bankrupt, he paid to the assignee of one Wallach, the earliest execution creditor, $116.30; to said Hellman, in satisfaction of his judgment, $596.16; and the balance he kept for his own fees and charges.

The composition was for 40 cents on the dollar, payable in equal instalments, in three, six, and nine months, for which security was given in the notes of the bankrupts with indorsers. The creditor Hellman was bound by the composition agreement.

On the twelfth of October, 1878, upon the proof that the

bankrupts had paid no part of their composition, an order was entered setting it aside, with an adjudication of bankruptcy and appointing an assignee. On the sixth of November, 1879, this last order was vacated and set aside, and decared null and void so far as it set aside the composition, on the ground that it had been entered without notice to the creditors. On the twenty-ninth of December, 1879, an order was made requiring the two judgment creditors, who had received the money from the sheriff, to pay the same, with interest, into the registry of the court, subject to the further order of the court, and with leave to apply for repayment of the same upon showing their right thereto. The money was so paid in, and the creditor Hellman now applies to have the amount paid in by him repaid.

It is not now claimed on behalf of the petitioner Hellman that the issue of the execution to the sheriff, after the filing of the petition, gave him any new claim to or lien upon the goods. His claim is that the final order in composition dissolved the injunction and left the money in the hands of the sheriff, the absolute and unencumbered property of the alleged bankrupts, subject only to the rights of the judgment creditors, whatever they may have been; that it was property which the bankrupts could, with the consent of those creditors, have demanded of the sheriff and used in their business, or applied to the payment of their composition notes, or to the payment of these particular debts. And it is further contended that the bankrupts, having known of the disposition made of the money by the sheriff, and acquiesced therein for nearly two years, must be deemed to have approved of and ratified the use made of their money. There is, however, an obvious answer to this argument. In the first place, the holding of the money by the sheriff at the time of the final order in composition was in direct violation of the order of the court. The consent of certain parties to waive the deposit of the money in the trust company, which the court had ordered, could not have the effect of dispensing with the deposit, even if the consent had been given by all the parties in interest. It is for the court to judge where money shall be placed in

order to secure its safety, and not for the parties, and the orders of the court in that respect must be strictly observed, unless modified by the court itself. But the parties consenting were a small part only of the parties in interest; that is, the whole body of creditors for whose protection the order was made. Therefore, so long as the sheriff held the money in violation and contempt of the order of the court, he could give no party to the cause any right to it whatever. So far as the parties in this cause are concerned, who had notice of the facts, they could take no greater right in the money than they would have been able to take if the order had been obeyed and the money had been deposited in the trust company, subject to the order of the court. Nor did the final order in composition operate of its own force, and without a further order of the court, to place at the disposition of the bankrupts money belonging to their estate held by the sheriff, subject to the order of the court.

A final order in composition is not a final disposition of the proceeding in bankruptcy. The case in bankruptcy is still pending, and the power of the court continues to stay the proceedings of creditors in suits pending against the bankrupts so long as the composition is unpaid, (*In re Bagley,* 19 N. B. R. 73; *McGehee* v. *Hentz,* Id. 139;) and a conclusive answer to this claim is that the bankrupts themselves could not, without an order of the court, have possessed themselves of the money and paid it in satisfaction of the lien of this creditor, if he had a valid lien by his attachment. It is true that the terms of the composition were such that, if the composition agreement is performed, the lien of an attachment, less than four months old at the time of the commencement of these proceedings, will remain, and this petitioner will be entitled to the money. And, as things stood when the sheriff paid over the money, it is very probable that upon application to the court the money so subject to the order of the court would have been applied to the payment of the petitioner's claim. Although it would be within the power and discretion of the court to stay petitioner's proceedings until it was ascertained whether the composition agreement

would be carried out, and so all possibility of dissolving petitioner's lien put an end to, yet, if there was no reason to anticipate any difficulty in the carrying out of the composition agreement, the petitioner might have had his money. *McGehee* v. *Hentz*, 19 N. B. R. 137. But as this creditor took the law into his own hands, and appropriated the money without leave of the court, subject to whose order it was held, the merits of his application for satisfaction of his lien must be determined by the state of facts existing now, when he first asks leave of the court to take the money. The circumstances have entirely changed. The bankrupts have entirely failed to pay the composition. They have been again ordered to do so, and proceedings are pending against them to have them punished for a wilful neglect to to pay the composition.

There is now strong reason to anticipate that the compostition will be set aside and an assignee appointed, if the appointment already made is invalid, as is claimed by this petitioner, and in that case the petitioner's attachment will be dissolved and this money will be distributed among the creditors.

Motion denied, without prejudice to its renewal in case, upon the termination of pending proceedings, the composition shall not be set aside,